UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSHUA STACY,
       *Plaintiff*,

   v.

CHRISTIE A. LEARY et al.,
       *Defendants.*

No. 1:25-cv-00572-MSN-WBP

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on several motions, all of which pertain to an underlying state court custody dispute. Plaintiff Joshua Stacy, *pro se*, moves to vacate a state court order (ECF 6) and moves for reconsideration of this Court's order denying his prior emergency *ex parte* motion to vacate (ECF 7). Defendant Judge Christie A. Leary and Defendants Maria Simon, Chandra Sheppard, and The Geller Law Group ("Geller Defendants") separately move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. ECF 17 & 27. The Court has considered these four motions, the Geller Defendants' opposition to Plaintiff's motion for reconsideration (ECF 21), Plaintiff's reply (ECF 25), Plaintiff's oppositions to Defendants' motions to dismiss (ECF 26 & 31), and the Geller Defendants' reply (ECF 32). For the reasons that follow, Plaintiff's motions (ECF 6 & 7) will be denied and the two motions to dismiss (ECF 17 & 27) will be granted.

## I.      BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Defendant Judge Leary and the Geller Defendants violated his constitutional rights during his divorce and child custody proceedings in the Fairfax County Circuit Court. Defendant Judge Leary presided over those

proceedings and the Geller Defendants represented Plaintiff's ex-wife. ECF 1 at 9, 12-13. More specifically, Plaintiff brings claims for violations of due process (Counts I-III, V-VII, XI, XII), equal protection (Counts IV, XIV), and freedom of speech (Counts XVI, XVII); and claims Defendants conspired to deprive Plaintiff of his constitutional rights (Count VIII), interfered with his access to the courts (Count IX), and committed fraud on the court (Count X), abuse of process (Count XI), and malicious prosecution (Count XII). ECF 1 at 5-9. Plaintiff also brings claims under Virginia common law for Intentional Infliction of Emotional Distress ("IIED") (Count XIII) and Tortious Interference with Parental Rights (Count XV). *Id.* at 8.

On April 3, 2025, Plaintiff filed an emergency *ex parte* motion to vacate "void" state court orders issued after May 26, 2023, or in the alternative, for a Temporary Restraining Order ("TRO") enjoining the enforcement of those state court orders.[1] ECF 2. On April 16, 2025, this Court denied Plaintiff's motion to vacate because "under the *Rooker-Feldman* doctrine, this Court has no authority to review such orders." ECF 5 at 1 (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). This Court also denied Plaintiff's request for a TRO because his claims, barred by *Rooker-Feldman*, would be unlikely to succeed on their merits. ECF 5 at 1-2 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Plaintiff filed a motion for reconsideration of this Court's denial on April 25, 2025. ECF 7. That same day, Plaintiff moved to vacate an additional state court order (that had not yet been entered at the time of Plaintiff's *ex parte* motion to vacate (ECF 2)). ECF 6. On May 8, 2025, the Geller Defendants filed their opposition to Plaintiff's motion for reconsideration (ECF 21) and on May 14, 2025, Plaintiff filed his reply (ECF 25).

---

[1] More specifically, Plaintiff sought relief from a Fairfax County Circuit Court Order arising out of his "willful failure" to pay court-ordered child support and alimony to his ex-wife. ECF 1-4 (Exhibit D to ECF 1); ECF 2 at 5-6.

On May 8, 2025 and June 9, 2025 respectively, Defendant Judge Leary and the Geller Defendants moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim. ECF 17 & 27. The Court notified *pro se* Plaintiff of these motions in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), and Plaintiff filed his oppositions to both motions (ECF 26 & 31). Defendant Judge Leary did not file a reply brief, but the Geller Defendants filed their reply on June 30, 2025 (ECF 32). This matter is therefore ripe for disposition.

## II.    LEGAL STANDARD

### A.    12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be facial or factual. *Oliver v. Virginia Bd. of Bar Examiners*, 312 F. Supp. 3d 515, 521 (E.D. Va. 2018). A facial challenge "assert[s] that the facts as pled fail to establish jurisdiction," while a factual challenge "disput[es] the pleadings themselves and argu[es] that other facts demonstrate that no jurisdiction exists." *Id.*; *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2008). When the defendant brings a facial challenge, the court "assume[s] the truthfulness of the facts alleged" in the plaintiff's complaint to decide if jurisdiction is established. *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). When the defendant brings a factual challenge, "the district court may then go beyond the allegations and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings." *Vuyyuru*, 555 F.3d at 348. Regardless of the type of challenge, the plaintiff carries the burden of establishing subject matter jurisdiction. *Id.*; *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

### B.     12(b)(6)

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). And while "district courts must liberally construe a *pro se* litigant's complaint," this Court cannot "excuse a clear failure in the pleadings to allege a federally cognizable claim." *Benton v. Layton*, 628 F. Supp. 3d 661, 665 (E.D. Va. 2022) (citing *Laber v. Harvey*, 438 F.3d 404, 413 (4th Cir. 2006); *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 390-91 (4th Cir. 1990)).

## III.     ANALYSIS

### A.     Plaintiff's Motion to Vacate

Plaintiff again asks this Court to vacate a Fairfax County Circuit Court Order. ECF 6. The Order, dated April 15, 2025, granted Plaintiff's former attorneys leave to withdraw as counsel. *Id.*; ECF 8-3 at 1 (Exhibit C to ECF 8). As before, under the *Rooker-Feldman* doctrine this Court has no authority to review or vacate such orders. ECF 5 at 1; *see Plyler v. Moore*, 129 F.3d at 731 ("Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court.").

Plaintiff argues that the Fairfax County Circuit Court lacked jurisdiction to enter this April 15, 2025 Order because the court had previously entered a "Final Order" for his case on May 5, 2023.[2] ECF 8 at 8-10. Accordingly, Plaintiff contends that he "is not asking [this Court] to second-guess" a state court order, but rather to "reinforce" the purported finality of the May 5 Order. *Id.* But despite his circuitous reasoning, Plaintiff cannot get around the essence of his motion to vacate: he petitions this Court for "redress for an injury caused by [a] state-court decision." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[I]f 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual,' *Rooker-Feldman* is implicated." [3] *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997) (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)). Granting Plaintiff's motion would invalidate a state court decision and thus constitute impermissible appellate review of that decision. *Id.* This Court will therefore deny Plaintiff's motion to vacate (ECF 6).

## B.    Plaintiff's Motion for Reconsideration

Next, Plaintiff seeks reconsideration of this Court's prior Order denying his emergency *ex parte* motion to vacate "void" state court orders entered after May 26, 2023, or in the alternative,

---

[2] Plaintiff asserts that pursuant to Virginia Supreme Court Rule 1:1(a), the Fairfax County Circuit Court did not have jurisdiction to issue any order related to his case after May 26, 2023 (21 days after the May 5, 2023 Order that Plaintiff interprets as ending that court's jurisdiction over his case). ECF 8 at 7-13. But Va. Code § 20-146.13 provides that a Virginia court that has "made a child custody determination . . . has exclusive, continuing jurisdiction as long as the child, a parent of the child, or any person acting as a parent of the child continues to live in [Virginia]." Plaintiff makes no allegations regarding the residence of the relevant child or parents. ECF 8. He interprets § 20-146.13 as concerning only "custody matters *generally*." ECF 25 at 5 (emphasis added). Properly interpreted, § 20-146.13 means that a Virginia court that has made a child custody determination retains jurisdiction over that *specific* case. *See Parris v. Doctor*, No. 0081-11-1, 2011 WL 4916293, at *1 (Va. Ct. App. Oct. 18, 2011); *Serdah v. Serdah*, No. CIVA 7:08CV00323, 2009 WL 82271, at *3 (W.D. Va. Jan. 12, 2009).

[3] The *Rooker-Feldman* "doctrine applies to both final judgments and 'interlocutory orders issued by state courts.'" *Uwa v. City of Newport News*, No. 4:18CV117, 2020 WL 2220212, at *3 (E.D. Va. Apr. 3, 2020) (quoting *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 319 (4th Cir. 2003)).

for a Temporary Restraining Order ("TRO") ECF 2, 5, 7. This Court must deny Plaintiff's motion

to reconsider (ECF 7). An interlocutory order such as the denial order at issue here (ECF 5) "may

be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b).[4] Reconsideration of

an interlocutory order is subject to the discretion of the district court and is generally "appropriate

where (i) there has been an intervening change in controlling law, (ii) there is additional evidence

that was not previously available, or (iii) the prior decision was based on clear error or would work

manifest injustice." *United States v. U.S. Training Ctr., Inc.*, No. 1:08CV1244, 2011 WL

13092238, at *1 (E.D. Va. July 26, 2011); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326

F.3d 505, 515 (4th Cir. 2003) (citing *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir.

1988)).

Here, Plaintiff does not argue that any controlling law has changed. ECF 8. He predicates

his motion for reconsideration on "new evidence"—the Fairfax County Circuit Court Order dated

April 15, 2025 that he seeks to vacate in his other motion (ECF 6)—and on this Court's purported

"legal misapplication" of the *Rooker-Feldman* doctrine. *Id.* at 4. But the April 15 Order is merely

pretext for Plaintiff to reiterate the same argument that this Court previously rejected: that any

Fairfax County Circuit Court order entered after May 26, 2023 is "void." *Id.*; ECF 5. Accordingly,

reconsideration is not warranted. *See Randolph v. ADT Sec. Servs., Inc.*, No. CIV.A. DKC 09-

1790, 2012 WL 273722, at *3 (D. Md. Jan. 30, 2012). Nor has Plaintiff shown "clear error" or

"manifest injustice" in this Court's prior Order. *U.S. Training Ctr., Inc.*, 2011 WL 13092238, at

*1. This Court will therefore deny Plaintiff's motion for reconsideration (ECF 7).

---

[4] Plaintiff seeks reconsideration pursuant to Fed. R. Civ. P. 59(e) or 60(b)(4), which do not apply here because they
govern reconsideration of final judgments, not interlocutory orders such as this Court's denial order (ECF 5). ECF 7
at 2-3; *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("Rule 60(b) [is] not available
for relief from an interlocutory order. Rule 59(e) is equally applicable only to a final judgment.").

### C.     Defendants' Motions to Dismiss[5]

### 1.   12(b)(1)

Both Defendant Judge Leary and the Geller Defendants move to dismiss the complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. ECF 18 at 5-8; ECF 28 at 13-15; Fed. R. Civ. P. 12(b)(1). This Court agrees.[6] As discussed above, the *Rooker-Feldman* doctrine "strips federal courts of subject-matter jurisdiction when 'state-court losers complain[] of injuries caused by state-court judgments' in district courts." *Jonathan R. by Dixon v. Justice*, 41 F.4th 316, 339 (4th Cir. 2022) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

Here, Plaintiff's alleged injuries with respect to all defendants resulted from state court decisions. *See* ECF 1 at 29-44; ECF 26 at 5-10. Plaintiff asks this Court set aside those state court decisions and redress them with damages. ECF 1 at 45-47. But granting such relief would require this Court to find those state court decisions "erroneously entered" or "render [them] ineffectual." *Jordahl*, 122 F.3d at 202 (quoting *Ernst*, 108 F.3d at 491). *Rooker-Feldman* therefore bars Plaintiff's claims against Defendant Judge Leary and the Geller Defendants. *Id.*; *see also Dalenko v. Stephens*, 917 F. Supp. 2d 535, 546-49 (E.D.N.C. 2013) (dismissing plaintiff's suit against state court judges pursuant to *Rooker-Feldman*). Accordingly, this Court will grant the two motions to dismiss (ECF 17 & 27) for lack of subject matter jurisdiction.[7]

---

[5] At the motion-to-dismiss stage, this Court "accept[s] as true all of the factual allegations contained in the complaint." *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440 (citations omitted). The Court "also consider[s] [the] documents that are explicitly incorporated into the complaint by reference, . . . and those attached to the complaint as exhibits." *Goines v. Vall. Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted); see Fed. R. Civ. P. 10(c).

[6] Defendant Judge Leary also moves to dismiss for lack of subject matter jurisdiction on judicial immunity grounds. Because the *Rooker-Feldman* doctrine is jurisdictional, this Court will address it first. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 195 (4th Cir. 2002).

[7] Because the *Rooker-Feldman* doctrine analysis is dispositive of Defendant Judge Leary's motion, this Court need not address her judicial immunity argument. But judicial immunity likely bars Plaintiff's claims against Defendant Judge Leary because they all arise out of actions taken in Judge Leary's judicial capacity and with jurisdiction. ECF 1 at 29-44; 42 U.S.C. § 1983; Va. Code § 20-146.13; *see Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Dalenko*, 917 F. Supp. 2d at 549-52.

### 2. 12(b)(6)

Both Defendant Judge Leary and the Geller Defendants point to Plaintiff's failure to state a claim as an additional independent basis for dismissal. ECF 18 at 8-11; ECF 28 at 17-27; Fed. R. Civ. P. 12(b)(6). Because the above analysis for dismissal pursuant to Rule 12(b)(1) is dispositive of both motions to dismiss, this Court need not address the Rule 12(b)(6) analysis.

In any event, Plaintiff's claims are unlikely to survive a 12(b)(6) challenge. Plaintiff's claims against Defendant Judge Leary consist of conclusory allegations of constitutional violations and common law torts, supported only by facts showing that Defendant Judge Leary presided over Plaintiff's case and at times ruled unfavorably to Plaintiff's position. ECF 1 at 29-44; *see Iqbal*, 556 U.S. at 686. Similarly, Plaintiff's claims against the Geller Defendants allege merely that the Geller Defendants represented Plaintiff's ex-wife in state court and at times took a position contrary to Plaintiff's. ECF 1 at 29-44. And Plaintiff's § 1983 claims fail against the Geller Defendants at the outset because the Geller Defendants, all in private practice, are not state actors. *Id.*; *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system.") (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).

### IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's motion to vacate (ECF 6) is DENIED.

ORDERED that Plaintiff's motion for reconsideration (ECF 7) is DENIED.

ORDERED that Defendant Judge Leary's motion to dismiss (ECF 17) is GRANTED.

ORDERED that the Geller Defendants' motion to dismiss (ECF 27) is GRANTED; and it is further

ORDERED that Plaintiff's claims are DISMISSED.

The Clerk is directed to close this civil action and to mail a copy of this order to Plaintiff,

*pro se.*

**SO ORDERED.**

_____
/s/
  Michael S. Nachmanoff
  United States District Judge

July 10, 2025
Alexandria, Virginia